UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE № 16-20549-CR-LENARD

UNITED STATES OF AMERICA,

       *Plaintiff*,

vs.

ODETTE BARCHA,

       *Defendant.*

_____/

## MOTION FOR BILL OF PARTICULARS
## AND INCORPORATED MEMORANDUM OF LAW

Defendant, **ODETTE BARCHA,** through undersigned counsel, and pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, files this Motion for Bill of Particulars and Incorporated Memorandum of Law, respectfully requesting this Court enter an Order directing the government to file a Bill of Particulars as to the matters raised herein.  In support thereof, **MS. BARCHA** avers the following:

### I.
### REQUEST FOR BILL OF PARTICULARS AS TO THE SPECIFIC COUNTS

Although lengthy, the indictment in this case fails to provide **MS. BARCHA** with adequate notice of the accusations against which she must prepare to defend.  **MS. BARCHA** is charged in a multi-defendant, almost twenty (20) year, complex conspiracy to commit health care fraud and wire fraud that allegedly involved **fourteen thousand (14,000) patients** and conspiracy to defraud the United States through her alleged involvement in the payment and receipt of health care kickbacks.  She is also charged with two (2) substantive counts of receipt of kickbacks in connection with a federal

health care program, conspiracy to commit money laundering, (2) substantive money laundering counts and one (1) count of obstructing justice.   Since the indictment contains vague generalities and lacks specificity as to the identities of crucial individuals and descriptions of specific acts, and because the discovery is so overwhelmingly voluminous, the requested Bill of Particulars is necessary to ensure that **MS. BARCHA** can adequately prepare her defense and avoid prejudicial surprise at trial.   As to each count in the indictment, **MS. BARCHA** respectfully requests a Bill of Particulars from the government for the following information:

**A.**
**COUNT ONE (1)**
**CONSPIRACY TO COMMIT HEALTH CARE FRAUD AND WIRE FRAUD**

Count one (1) of the indictment charges **MS. BARCHA** with conspiracy to commit health care fraud and wire fraud and alleges that from in or around January 1998, and continuing through in or around July 2016, in Miami-Dade County, in the Southern District of Florida, and elsewhere, **MS. BARCHA** along with her co-defendants conspired with a number of known and unknown co-conspirators to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program and to knowingly, and with the intent to defraud, commit wire fraud.

Paragraph five (5) of count one (1) states that **MS. BARCHA**, along with her co-defendant, Mr. Carmouze, and certain medical professionals, allegedly received kickbacks from Mr. Esformes in exchange for medically unnecessary referrals to the "Esformes Network."   Furthermore, count one (1) alleges that **MS. BARCHA** caused patients to be admitted to the "Esformes Network" regardless of whether or not the

Law Offices of Samuel J. Rabin, Jr., P.A., 800 Brickell Avenue, Suite 1400, Miami, FL 33131, Telephone (305) 358-1064

patient actually needed the service.  This charge also accuses MS. BARCHA of allegedly falsifying, fabricating, and altering or causing the falsification, fabrication, and alteration of medical records to support services rendered at Hospital 1 and other health care providers operated by alleged co-conspirators and allegedly using advanced notice of unannounced AHCA inspections to evade detection of alleged administrative violations.

Count one (1) of the indictment charges MS. BARCHA with an extremely lengthy and complex conspiracy to defraud without providing MS. BARCHA with any information to allow her to prepare an adequate defense.  The government makes blanket accusations regarding MS. BARCHA'S alleged involvement in a conspiracy that spanned almost twenty (20) years making it impossible for MS. BARCHA to prepare for trial.

Accordingly, we respectfully request this Court to direct the government to file a bill of particulars as to the following:

1.     Identify by name all "others known . . . . to the Grand Jury . . . .", referenced in this count but not named.

2.     The date and manner in which MS. BARCHA joined the conspiracy alleged in count one (1).

3.     State where is "elsewhere," as that term is used in this count.

4.     The identities of the "co-conspirators" who allegedly negotiated and paid kickbacks to MS. BARCHA.

5.     The identities of the "certain medical professionals" who alleged received kickbacks in "exchange for medically unnecessary referrals to the Esformes Network and co-conspirators."

6.      The identities of the "co-conspirators" that allegedly received "unnecessary referrals" from "certain medical professionals" who allegedly were paid kickbacks for the referrals.

7.      The identities of the patients who were allegedly medically unnecessarily referred to the "Esformes Network and co-conspirators."

8.      Identify any and all the kickbacks the government states were allegedly paid to **MS. BARCHA** by Mr. Esformes through a shell company owned and/or controlled by Gabriel Delgado and identify what was the alleged benefit conferred for the alleged kickback.

9.      Identify who and or what constitutes the term "others" as used in paragraph seven (7) of this count.

10.     The identities of the patients **MS. BARCHA** allegedly caused "to be admitted to the Esformes Network, regardless of whether or not the patients actually needed the service."

11.     The identities of the Medicare and Medicaid patients **MS. BARCHA** allegedly "caused to be admitted to Esformes Network SNFs . . . . with psychiatric issues that did not need SNF services and did not receive treatment for their psychiatric condition."

12.     The identities of the co-conspirators who allegedly "falsified, fabricated, and altered, and caused the falsification, fabrication, and alternation of medical records to support services purportedly rendered at Hospital 1, the Esformes Network, and other health care providers operated by co-conspirators."

Law Offices of Samuel J. Rabin, Jr., P.A., 800 Brickell Avenue, Suite 1400, Miami, FL 33131, Telephone (305) 358-1064

13.     The identities of the co-conspirators who operated "other health care providers" as stated in paragraph twenty-five (25).

14.     Identify the medical records that **Ms. Barcha** "falsified, fabricated, and altered, and caused the falsification, fabrication, and alternation of medical records to support services purportedly rendered at Hospital 1, the Esformes Network, and other health care providers operated by co-conspirators."

15.     The identities of "AHCA Intermediary 1," "AHCA Intermediary 2," and "other co-conspirators" as stated in paragraph twenty-seven (27) of this count.

16.     The identities of the co-conspirators who allegedly used the schedule of unannounced inspections and patient complaints to evade detection by AHCA.

17.     Identify how Ms. Barcha "used these schedules of unannounced inspections and patient complaints to evade detection by AHCA of administrative violations which would lead to the termination of Esformes Network facilities from Medicare and Medicaid."

18.     Identify the "others" referred to in paragraph thirty (30).

19.     Identify any and all false and fraudulent claims to Medicare and Medicaid allegedly submitted or "caused to be submitted" by **Ms. Barcha** "in an approximate amount of $1 billion for services that were medically unnecessary, never provided, and procured through the payment of kickbacks and bribes."

20.     Identify the "others" referred to in paragraph thirty (31).

21.     Identify the alleged "services that were medically unnecessary, never provided, and procured through the payment of kickbacks and bribes" that allegedly caused Medicare to pay 464 million dollars.

Law Offices of Samuel J. Rabin, Jr., P.A., 800 Brickell Avenue, Suite 1400, Miami, FL 33131, Telephone (305) 358-1064

**B.**
**COUNT SIX (6)**
**CONSPIRACY TO DEFRAUD THE UNITED STATES AND PAY AND RECEIVE KICKBACKS**

Count six (6) of the indictment charges **MS. BARCHA** with conspiracy to defraud the United States and pay and receive health care kickbacks and alleges that from in or around January 2002, and continuing through in or around June 2016, in Miami-Dade County, in the Southern District of Florida, and elsewhere, **MS. BARCHA** along with her co-defendants conspired with a number of known and unknown co-conspirators to defraud the United States by allegedly paying kickbacks in return for referring an individual to a person for the furnishing and arranging for the furnishing of an item and service for which payment may be made in whole and in part under a federal health care program.

Paragraph three (3) of the indictment states it was the purpose of the conspiracy for **MS. BARCHA** and her co-conspirators to unlawfully enrich (1) offering, paying, soliciting, and receiving kickbacks and bribes to ensure that Medicare and Medicaid beneficiaries would serve as patients in the "Esformes Network" and coconspirator providers; and (2) submitting and causing the submission of claims to Medicare and Medicaid for medical items and services purportedly provided to these recruited beneficiaries.

Paragraphs seven (7), eight (8), and nine (9) of this count, go on to state that Mr. Esformes, through a shell company owned and/or controlled by Gabriel Delgado, caused the payment of kickbacks to **MS. BARCHA** via checks made payable to "Barcha Consulting" or her boyfriend.  **MS. BARCHA** allegedly cashed the checks from Gabriel

Law Offices of Samuel J. Rabin, Jr., P.A., 800 Brickell Avenue, Suite 1400, Miami, FL 33131, Telephone (305) 358-1064

Delgado and used the cash to pay physicians for referrals to the "Esformes Network." She also allegedly recruited and paid physicians who worked at "Hospital 1" to refer patients to "Philip Esformes SNFs."

Paragraphs seven (7) and eight (8), under the "overt acts" portion of this count, state that on or about June 5, 2012, Ms. BARCHA caused check number 1065 from Preferred Providers Group, Inc.'s bank account ending in x4668, in the approximate amount of $3,500, to be deposited into her boyfriend's account for her benefit and on or about August 1, 2012, Ms. BARCHA caused check number 1219 from Diversified Medical Group's bank account ending in x4668, in the approximate amount of $1,500, to be deposited into her boyfriend's bank account for her benefit.

Given the length of the alleged conspiracy, the number of alleged co-conspirators, and the lack of more information regarding Ms. BARCHA'S participation in this complex scheme to defraud, it is unreasonable for Ms. BARCHA to be placed in a position of having to prepare a defense without any indication as to the time period which she is alleged to have been a member of the conspiracy and the circumstances surrounding her alleged role in the conspiracy.  Without such information, Ms. BARCHA will be placed in the unconscionable position of having to waste much of the limited time available to her to prepare for trial, investigating every possible bank transaction which includes checks, cash deposits, withdrawals, and transfers, over a fourteen (14) year period or risk complete surprise at trial.  She will also have to call into question all of the business relationships with physicians she has established during the fourteen (14) years she has been working in the health care industry.

Law Offices of Samuel J. Rabin, Jr., P.A., 800 Brickell Avenue, Suite 1400, Miami, FL 33131, Telephone (305) 358-1064

Accordingly, we respectfully request this Court to direct the government to file a bill of particulars as to the following:

1.      Identify by name all "others known . . . . to the Grand Jury . . . .", referenced in this count but not named.

2.      State where is "elsewhere," as that term is used in this count.

3.      The date and manner in which MS. BARCHA joined the conspiracy alleged in count six (6).

4.      Identify any and all kickbacks allegedly paid to MS. BARCHA by Mr. Esformes through a shell company owned and/or controlled by Gabriel Delgado, via cash or checks made payable to "Barcha Consulting" or her boyfriend.

3.      The identity(s) of the physician(s) MS. BARCHA allegedly "cashed checks from Gabriel Delgado and then used the cash to pay physicians for referrals to the Esformes Network."

4.      Any and all cash transactions that the government believes were kickbacks to MS. BARCHA as alleged in this count.

5.      Any and all checks issued to "Barcha Consulting" and or her boyfriend, as stated in this count, that the government alleges were kickbacks to MS. BARCHA.

6.      Any and all bank transactions associated with MS. BARCHA'S alleged involvement in this count.

7.      Identify the patient files that were referred to the Esformes Network as a result of the kickbacks allegedly paid to MS. BARCHA.

8.      Identify the patient files that were referred to the Esformes Network as a result of the kickbacks MS. BARCHA allegedly paid to physicians.

9.      The identity(s) of the physicians allegedly recruited from Hospital 1 by MS. BARCHA to refer patients to Mr. Esformes' SNFs and the patient files associated with same.

10.     Identify the name of the physician(s); the names of patient(s); the name(s) of the "Esformes Network" facilities; and any cash transactions or other financial transaction associated with the two (2) checks listed in paragraphs seven (7) and eight (8) of this count that the government alleges were kickbacks "deposited in [MS. BARCHA'S] boyfriend's account for her benefit."

### c.
### COUNTS FOURTEEN (14) AND FIFTEEN (15)
### SUBSTANTIVE KICKBACK

These counts charge MS. BARCHA with two (2) substantive counts of receipt of kickbacks by simply organizing the two (2) checks mentioned in count six (6) in a chart:

| 14 | PHILIP ESFORMES and ODETTE BARCHA | June 5, 2012 | $3,500 | Check number 1065 from Preferred Providers Group, Inc. account ending in x4668 deposited into A.H.'s bank account |
| 15 | PHILIP ESFORMES and ODETTE BARCHA | August 1, 2012 | $1,500 | Check number 1219 from Diversified Medical Group account ending in x4668 deposited into A.H.'s bank account |

Therefore, as with the deficient allegations above, MS. BARCHA cannot be expected to defend against these charges without more specificity.

Law Offices of Samuel J. Rabin, Jr., P.A., 800 Brickell Avenue, Suite 1400, Miami, FL 33131, Telephone (305) 358-1064

Accordingly, we respectfully request this Court to direct the government to file a bill of particulars as to the following:

1.      State where is "elsewhere," as that term is used in this count.

2.      Identify the name of the physician(s); the names of patient(s); the name(s) of the "Esformes Network" facilities; and any cash transactions or other financial transaction associated with the two (2) checks listed in paragraphs seven (7) and eight (8) of this count that the government alleges were kickbacks "deposited in [Ms. Barcha's] boyfriend's account for her benefit."

**D.**
**Count Sixteen (16)**
**Conspiracy to Commit Money Laundering**

Count sixteen (16) charges **Ms. Barcha** with money laundering by basically tracking the language of the statute and then stating that the specified unlawful activity was the receipt and or payment of kickbacks – assumingly the "acts" described in counts six (6), fourteen (14), and fifteen (15) above.

Accordingly, we respectfully request this Court to direct the government to file a bill of particulars as to the following:

1.      Identify by name all "others known . . . . to the Grand Jury . . . .", referenced in this count but not named.

2.      State where is "elsewhere," as that term is used in this count.

3.      The date and manner in which **Ms. Barcha** joined the conspiracy alleged in count sixteen (16).

4.      Identify each of the transactions that are the subject of count sixteen (16).

Law Offices of Samuel J. Rabin, Jr., P.A., 800 Brickell Avenue, Suite 1400, Miami, FL 33131, Telephone (305) 358-1064

5.      Identify with respect to each of the transactions that are the subject of this count:

a)      The specified unlawful activity that resulted in the alleged proceeds; and

b)      Any and all acts that the government believes establishes the concealment requirement of the statute.

**E.**
**COUNTS TWENTY-TWO (22) AND TWENTY-THREE (23)**
**SUBSTANTIVE MONEY LAUNDERING**

These counts charge **MS. BARCHA** with two (2) substantive counts of money laundering by, once again, organizing the two (2) checks mentioned throughout the indictment in a chart:

| 22 | PHILIP ESFORMES and ODETTE BARCHA | June 5, 2012 | $3,500 | Check number 1065 from Preferred Providers Group, Inc. account ending in x4668 made payable to A.H. |
| 23 | PHILIP ESFORMES and ODETTE BARCHA | August 1, 2012 | $1,500 | Check number 1219 from Diversified Medical Group account ending in x4668 made payable to A.H. |

Accordingly, we respectfully request this Court to direct the government to file a bill of particulars as to the following:

1.      State where is "elsewhere," as that term is used in this count.

2.      The specified unlawful activity that resulted in the alleged proceeds.

3.      Any acts that the government believes establishes the concealment requirement of the statute.

Law Offices of Samuel J. Rabin, Jr., P.A., 800 Brickell Avenue, Suite 1400, Miami, FL 33131, Telephone (305) 358-1064

**F.**
**COUNT THIRTY-FOUR (34)**
**OBSTRUCTION OF JUSTICE**

This count is the only charge unrelated to the two (2) checks listed throughout the indictment.

Accordingly, we respectfully request this Court to direct the government to file a bill of particulars as to the following:

1.      State where is "elsewhere," as that term is used in this count.

2.      Identify the name(s) of the physician(s) that **MS. BARCHA** allegedly created "sham medical director contracts" to allegedly "conceal the fact that [she] paid physicians kickbacks for referrals to Hospital 1."

3.      Identify any and all medical director contract(s) from Hospital 1 that the government believes are "sham medical director contracts."

4.      Identify the facts and circumstances surrounding the alleged kickbacks that were allegedly paid by **MS. BARCHA** to physician(s) for referrals to Hospital 1 including:

        a)      The amount of the alleged kickback(s) that were paid to physician(s) for referrals to Hospital 1.

        b)      The patient(s) that were allegedly referred to Hospital 1 by the physicians who were allegedly paid kickbacks by **MS. BARCHA**.

        c)      The date(s) of the alleged kickback scheme described in this count.

        d)      Any and all bank transaction(s) allegedly associated with the kickback scheme described in this count that allegedly led to the creation of the "sham

Law Offices of Samuel J. Rabin, Jr., P.A., 800 Brickell Avenue, Suite 1400, Miami, FL 33131, Telephone (305) 358-1064

medical director contracts," which were allegedly turned over to the Department of Justice in response to a Grand Jury Subpoena.

      e)    Identify the medical director agreements from Hospital 1 that the government believes are "sham medical director agreements" created by **MS. BARCHA**.

## II.
## MEMORANDUM OF LAW

      Pursuant to this Court's order, the government has been providing documents, on a rolling basis, of the documents that it anticipates to use as trial exhibits in the instant cause.  To say that the amount of documents produced in response to this Court's order is voluminous is an understatement.  The government has provided massive hard drives, and numerous CDs and USB drives, which consist of a plethora of documents most of which are unrelated to the charges against **MS. BARCHA**.  The government has also provided over four hundred interview reports, totaling approximately one (1) thousand pages.  The interview reports and exhibits provided do not contain most of the information requested herein.  The proposed exhibits do little to nothing to ameliorate the obscurities in the indictment – leaving **MS. BARCHA** unable to prepare an adequate defense and open to surprises at trial.

      Rule 7(f) of the Federal Rules of Criminal Procedure allows a district court to direct the government to file a bill of particulars where an indictment fails to set forth specific facts in support of requisite elements of the charged offense, and the information is essential to the defense.  *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985).  The district court is vested with broad discretion in deciding whether a bill of particulars should be granted.  *Id.*  The purpose of a bill of particulars is to inform the

Law Offices of Samuel J. Rabin, Jr., P.A., 800 Brickell Avenue, Suite 1400, Miami, FL 33131, Telephone (305) 358-1064

defendant of the charges against her with sufficient precision to allow her to prepare her defense, to minimize surprise at trial, and to enable her to plead double jeopardy in the event of a later prosecution for the same offense.  *Id*; *see United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("A bill of particulars . . . supplements an indictment by providing the defendant with information necessary for trial preparations); *United States v. Colson*, 662 F.2 1389, 1391 (11th Cir. 1981 ("The purpose of a bill of particulars is to inform the defendant of the charge in sufficient detail to enable adequate defense preparation and to minimize surprise at trial").

Where an indictment fails to set forth specific facts in support of the requisite elements of the charged offense, and the information is essential to the defense, failure to grant a bill of particulars may constitute reversible error.  *Cole*, 755 F.2d 748 at 760. Clarification of the indictment is also a proper purpose of a bill of particulars.  *United States v. Hsia*, 24 F.Supp.2d 14, 30 (D.D.C. 1998).  Furthermore, it is well-settled that "[a] bill of particulars is a proper procedure for discovering the names of unindicted coconspirators who the government plans to use as witnesses.  It is not uncommon for the trial judge to require the government to disclose their names when information is necessary in a defendant's preparation for trial.  *Will v. United States*, 389 U.S. 90, 99, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967)."  *United States v. Barrentine,* 591 F.2d 1069, 1077 (5th Cir. 1979).  In *United States v. Williams*, 113 F.R.D. 177, 179 (M.D. Fla. 1986), in granting a bill of particulars "insofar as it seeks the names of all unindicted co-conspirators," the district court noted that it is common practice in this Circuit to grant requests for the identities of co-conspirators, at least when not known to the defendants, citing, particularly *United States v. Anderson*, 799 F.2d 1438, 1439 (11th

Law Offices of Samuel J. Rabin, Jr., P.A., 800 Brickell Avenue, Suite 1400, Miami, FL 33131, Telephone (305) 358-1064

Cir.1986); *United States v. Cole,* 755 F.2d 748, 760 (11th Cir.1985).  *See also United States v. Warren,* 772 F.2d 827, 837 (11th Cir.1985) *cert. denied sub nom., Moore v. United States,* 475 U.S. 1022, 106 S.Ct. 1214, 89 L.Ed.2d 326 (1986).  Courts in this District, as well, have granted bills of particulars as to unindicted coconspirators.  See, *United States v. Belfast*, 06-20758-CR, 2007 WL 1879909, *4 (S.D. Fla. June 29, 2007).

*United States v. Bortnovsky* provides an excellent instruction for the propriety of a bill of particulars.  The indictment in *Bortnovsky* charged the defendants engaged in a scheme to defraud the government by submitting false and inflated insurance claims to the Federal Emergency Management Administration ("FEMA") and New York Property Insurance Underwriting Association for burglary losses.  *United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987).  However, the indictment failed to identify which of the burglaries claimed were the ones the government intended to prove were fraudulent.  Instead, the government produced over 4,000 documents in discovery.  *Id.*  The court held that the defendants were hindered in preparing their defense and determined that a bill of particulars was appropriate.  *Id.*  The court additionally stated:

> While we commend the government for cooperating in the turning over of documents prior to trial, we do not look with favor on the manner in which the government conducted the prosecution…The government did not fulfill its obligation by merely providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified or which of some fifteen burglaries would be demonstrated to be staged.

*Id.*

Law Offices of Samuel J. Rabin, Jr., P.A., 800 Brickell Avenue, Suite 1400, Miami, FL 33131, Telephone (305) 358-1064

The requests made herein are not only reasonable but necessary to **Ms. Barcha**'s defense.  The indictment fails to provide any information regarding the time, place, circumstances, causes, etc., necessary for her to investigate and prepare for her defense.  Specifically, the indictment fails to identify: 1) **Any** patient(s) or patient file(s) that were allegedly altered and or fabricated by **Ms. Barcha**; 2) **any** claims that were submitted to Medicare and Medicaid, and associated with **Ms. Barcha**, "for services that were medically unnecessary, never provided, and procured through the payment of kickbacks and bribes"; 3) the name of **any** physician **Ms. Barcha** allegedly recruited to refer patients to the "Esformes Network"; 4) **any** alleged kickback made out to "Barcha Consulting"; 5) whether the two (2) checks in the indictment are allegedly kickbacks paid to **Ms. Barcha** for recruiting physician(s) or money she received to allegedly pay kickbacks to physician(s) she alleged recruited; 6) **any** cash transactions to support the allegation that **Ms. Barcha** paid physician(s) cash; 7) the amount of money she allegedly paid to the physician(s) she allegedly recruited to refer patient(s) to the "Esformes Network"; 8) the amount of money paid to **Ms. Barcha** for allegedly recruiting physician(s); 9) **any** patients allegedly referred to the "Esformes Network" as a result of kickbacks paid to **Ms. Barcha** or kickbacks paid to physician(s) by **Ms. Barcha**; 10) how the kickbacks were allegedly paid to **Ms. Barcha** and or the physician(s) she referred, *i.e.,* monthly, weekly, biweekly, based upon a number of patients referred, etc; 11) **any** patient files; 12) any details regarding **Ms. Barcha's** involvement in AHCA inspections; and 13) the identity of the alleged AHCA coconspirators.

Law Offices of Samuel J. Rabin, Jr., P.A., 800 Brickell Avenue, Suite 1400, Miami, FL 33131, Telephone (305) 358-1064

All the indictment does is make blanket assertions and then lists two (2) checks made out to MS. BARCHA'S boyfriend that were deposited into a joint bank account without providing any explanation as to how those two (2) checks relate, in any way, to the accusations therein.  The indictment does not contain any details surrounding MS. BARCHA'S involvement in an almost twenty (20) year conspiracy, including, when her involvement in the alleged conspiracy commenced.  Without more information, MS. BARCHA runs the very real risk of having to confront numerous unrelated financial transactions in her various bank statements and possibly having to defend the many business relationships she has made with physicians for the past twenty (20) years at her trial.  These deficiencies in the indictment render it impossible for MS. BARCHA to adequately and efficiently prepare a defense.  This also leaves MS. BARCHA at a significant disadvantage at trial and susceptible to unfair surprise.

Law Offices of Samuel J. Rabin, Jr., P.A., 800 Brickell Avenue, Suite 1400, Miami, FL 33131, Telephone (305) 358-1064

**III.**

**CONCLUSION**

Based on the foregoing arguments, Defendant **ODETTE BARCHA**, respectfully requests this Court direct the government to provide a Bill of Particulars as specifically requested in this motion, and any other such relief it deems appropriate.

Respectfully submitted,

**SAMUEL J. RABIN, JR., P.A.**
800 Brickell Avenue, Suite 1400
Miami, FL 33131-2971
Tel:  305.358.1064
Fax:  305.372.1644
Email: sjr@miamilawyer.com

*s/ Samuel J. Rabin, Jr.*

SAMUEL J. RABIN, JR.
Florida Bar № 273831

*s/ Andrea C. Lopez.*

ANDREA C. LOPEZ.
Florida Bar № 109512

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of March 2017, a true and correct copy of the foregoing was furnished via the CM/ECF system to all parties designated to receive the electronic filings in this cause.

*s/ Samuel J. Rabin, Jr.*

SAMUEL J. RABIN, JR.

Law Offices of Samuel J. Rabin, Jr., P.A., 800 Brickell Avenue, Suite 1400, Miami, FL 33131, Telephone (305) 358-1064