UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20549-CR-LENARD/OTAZO-REYES(s)(s)

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

PHILIP ESFORMES, *et al.*,

    *Defendant*.

_____/

# ESFORMES' MOTION TO COMPEL FULL COMPLIANCE WITH MAGISTRATE JUDGE'S ORDER RE: EDEN GARDENS MATERIAL

The Defendant, PHILIP ESFORMES, through undersigned counsel, respectfully moves this Court for an order compelling the Prosecution Team to provide Magistrate Judge Otazo-Reyes *all* copies of documents seized from Eden Gardens whether in paper or electronic form.

## Background

On April 25, 2017, Magistrate Judge Otazo-Reyes entered an order directing the Prosecution Team to transfer custody and control of the documents seized in the July 2016 search of Eden Gardens. ECF 295. During the hearing that preceded that order, undersigned counsel specifically requested that the Prosecution Team relinquish custody and control of the documents seized from Eden Gardens, both the "original *and all copies* of them." Transcript, ECF 296, April 25, 2017, at p. 7 (emphasis added).

The discussion then turned to what procedure would be used to safeguard Mr. Esformes' privileges until the Court could make a determination about the privileged status of the seized documents. The Prosecution Team wanted to keep the documents where they were – under their control at a warehouse. Undersigned counsel requested instead that a Special Master take custody of them. In an effort to convince Magistrate Judge Otazo-Reyes to allow the Prosecution Team to retain custody of them, Prosecutor Bradylyons assured her that if they were allowed to keep the Eden Gardens documents, no one from the Prosecution Team would "access" them "during the pendency of this matter." The following colloquy then ensued:

> THE COURT: So for all practical purposes, they could be in a storage place because you're not looking at them until this is all resolved?
>
> MR. BRADYLYONS: They are currently in a storage place and *we have not been looking at them, Your Honor*.

*Id.* at pp. 9-10 (emphasis added). When Defendant continued to object, the Prosecution Team gave Magistrate Judge Otazo-Reyes additional assurances:

> THE COURT: The issue is I understood the government to say they would not access the documents during the pendency of this matter?
>
> MR. BRADYLYONS: *That's correct, Your Honor.*
>
> THE COURT: *Then to assure Mr. Black that nobody is going to see them*, they can sit in my [office]....

*Id*. at p. 12. Magistrate Judge Otazo-Reyes then ordered the Prosecution Team to surrender the Eden Gardens materials to her chambers by close of business on April 27, 2017. The Prosecution Team was granted an extension until April 28, 2017 to comply. ECF 303.

On May 5, 2017, the prosecutors made a similar representation to this Court. In objecting to a one-week extension of time for Mr. Esformes to file Reply Memoranda to the Government Responses, the Prosecution Team represented to this Court: "[A]t Defendant's request, the government has agreed ***not to review certain disputed materials*** until the above described pending motions are resolved." Response, ECF 328, at p. 2 (emphasis added).

Meanwhile, after assuring Magistrate Judge Otazo-Reyes that the Prosecution Team (1) had surrendered all the Eden Gardens materials to Chambers and (2) representing that the Prosecution Team had not "been looking at them," on April 28, 2017, the Prosecution Team filed its Response [ECF 312] to Mr. Esformes' Motion to Disqualify [ECF 275], which specifically discussed the contents of one of the "disputed" documents which was supposed to have been surrendered to Magistrate Judge Otazo-Reyes and not further "review[ed]" by the Prosecution Team. ECF 312 at 3, 20, 28, 29, 33.

On May 3, 2017, the Prosecution Team filed three sealed exhibits in support of its Response (contained in their Exhibit 21). *See* ECF 322. All three were documents taken from the seized Eden Gardens materials that were supposed to have been surrendered to Magistrate Judge Otazo-Reyes and not "reviewed" or "accessed" by the Prosecution Team.

## Argument

One of the prominent disqualification cases Defendant has been citing in many of his pleadings is *United States v. Horn*, 811 F. Supp. 739 (D. N.H. 1992). In that case, a prosecutor secretly kept track of discovery documents copied by defense counsel. The court

ordered the prosecutor to submit the documents to the Court, along with copies thereof. 811 F.2d at 742. The prosecutor submitted the originals *but, as here, kept copies*:

> During the course of the second hearing it was revealed by the lead prosecutor that prior to filing the documents at issue under seal with the court the government made copies of the documents which it retained. The lead prosecutor had ordered Ms. Warring to file the documents under seal with the court and to retain copies of them. Ms. Warring had her secretary copy the documents before filing them with the court. This was in direct contravention of the court's November 13 order.

811 F. Supp. at 743-44 (citations omitted).

The *Horn* court ordered the lead prosecutor disqualified from the entire case, noting that not only did the prosecutor "refuse to maintain the status quo by sealing the documents, but also she exacerbated the problem" by reviewing the documents and using one during a meeting with someone "to prepare him as a government witness." *Id.* at 748. The court also based the ruling on the fact that the prosecutor disobeyed the order not to copy the documents noting: "The purposes of these orders should have been obvious to the lead prosecutor. The court was trying to establish a status quo as quickly as possible to prevent further prejudice to the defendants and to bring the problem under control, something which the government should have been trying to do voluntarily." *Id.* at 749.

The intent of Magistrate Judge Otazo-Reyes' order was likewise "obvious" to everyone in Court: "trying to establish a status quo as quickly as possible to prevent further prejudice" to Mr. Esformes. The Prosecution Team, therefore, should not have retained copies of the documents at issue, much less discussed their contents in the public record.

## Conclusion

The Court should enter another order directing the Prosecution Team to surrender all copies (whether in paper or electronic form) to Magistrate Judge Otazo Reyes' chambers. To guarantee compliance, a representative of the Prosecution Team should submit a declaration attesting that no one from the Prosecution Team has retained any additional copies in any format.

## CERTIFICATE OF SERVICE

This document was served via CM/ECF on the date stamped above.

Respectfully submitted,

**CARLTON FIELDS**
100 S.E. 2nd Street
4200 Miami Tower
Miami, Florida 33131-2114
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

By:   s/Michael Pasano
    **MICHAEL PASANO**
    Florida Bar No. 0475947

**TACHE, BRONIS, CHRISTIONSON
 & DESCALZO, P.A.**
150 S.E. 2nd Avenue, Suite 600
Miami, Florida 33131
Tel: (305) 537-9565

By:   s/Marissel Descalzo
    **MARISSEL DESCALZO, ESQ.**
    Fla. Bar. No 669318

*Permanent Appearances for Philip Esformes*

**BLACK, SREBNICK, KORNSPAN
 & STUMPF, P.A.**
201 South Biscayne Boulevard
Suite 1300
Miami, FL  33131
Tel: (305) 371-6421  Fax: (305) 358-2006

By:      */s/ Roy Black*
**ROY BLACK, ESQ**.
Fla. Bar No. 126088
**HOWARD SREBNICK, ESQ**.
Fla. Bar No. 919063
**JACKIE PERCZEK, ESQ**.
Fla. Bar No. 0042201
**G. RICHARD STRAFER, ESQ.**
Fla. Bar No. 389935

*Limited Appearances for Philip Esformes*