UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20549-CR-LENARD/OTAZO-REYES

UNITED STATES OF AMERICA,

v.

PHILIP ESFORMES,

Defendant.
_____/

## ORDER RE: D.E. 272

THIS CAUSE came before the Court on Defendant Philip Esformes' ("Esformes" or "Defendant") Motion to Strike and Exclude Evidence Concerning Civil Settlement and Incorporated Memorandum of Law [D.E. 272]. On May 5, 2017, the Court entered an

> ORDER REFERRING that portion of 272 Defendant Philip Esformes' Motion to Strike and Exclude Evidence Concerning Civil Settlement, filed on April 13, 2017, that seeks to strike from the operative Indictment allegations concerning the December 18, 2006 civil settlement agreement in United States v. Michel, Case No. 04-2157-CIV-JORDAN (S.D. Fla.), and related pleadings, to Magistrate Judge Alicia M. Otazo-Reyes; and DENYING without prejudice that portion of 272 Defendant's Motion that seeks to exclude all evidence at trial of the civil settlement. Defendant may re-file the latter issue (exclusion of certain evidence at trial) by way of a motion in limine.

See D.E. 331. On May 22, 2017, the undersigned held a hearing on the Motion to Strike portion of D.E. 272.

Defendant seeks to strike Paragraph 11 in Count 1 of the Second Superseding Indictment, which alleges:

> On or about October 18, 2006, **PHILIP ESFORMES** signed a civil settlement agreement with the United States Department of Justice, resolving allegations that he, and others, paid kickbacks to a physician to admit Medicare and Medicaid patients from the Esformes Network into Hospital 1, where they received medically unnecessary services. In the settlement, **PHILIP ESFORMES** did not

1

acknowledge the validity of the claims alleged by the United States or admit liability.

See Indictment [D.E. 200 at 10].

Rule 7 of the Federal Rules of Criminal Procedure provides, in pertinent part: "Upon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). "A motion to strike surplusage from an indictment should not be granted unless it is clear that the allegations are not relevant to the charge **and** are inflammatory and prejudicial. This is a most exacting standard." United States v. Brye, 318 F. App'x 878, 880 (11th Cir. 2009) (citing United States v. Awan, 966 F.2d 1415, 1426 (11th Cir. 1992)) (emphasis added).

Having heard the argument of counsel, the undersigned concludes that Defendant has not, at this time, met the "exacting standard" for striking Paragraph 11. Specifically, the relevance of the allegations set forth in Paragraph 11 has not yet been determined, given the Court's denial without prejudice of the Motion to Exclude Evidence portion of D.E. 272, with leave to renew that request by way of a motion *in limine*. Because the first necessary prong of the standard for striking surplusage has not yet been satisfied, a determination of whether the Paragraph 11 allegations are inflammatory and prejudicial would be premature. The undersigned notes, however, the inclusion of the following caveat in the allegations: "In the settlement, **PHILIP ESFORMES** did not acknowledge the validity of the claims alleged by the United States or admit liability." See Indictment [D.E. 200 at 10]. Finally, should the Court rule that evidence of the settlement agreement is not admissible at trial, Defendant may request that the Second Superseding Indictment be redacted to exclude Paragraph 11 prior to its submission to the jury. See Awan, 966 F.2d at 1426 (finding it proper for a trial court to reserve ruling on a motion to strike surplusage until it heard evidence establishing the relevance of the allegedly surplus

language, but preventing the jury from being prejudiced prior to such ruling by presenting to the jury a summary of the indictment that did not include references to the objected language).

Based on the foregoing considerations, it is hereby

**ORDERED AND AJDUDGED** that the Motion to Strike portion of D.E. 272 is DENIED without prejudice to its renewal, if appropriate, after the Court rules on Defendant's anticipated motion *in limine* with respect to the Motion to Exclude portion of D.E. 272.

DONE AND ORDERED in Miami, Florida this 23rd day of May, 2017.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Joan A. Lenard
    Counsel of record